# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0576V

| | |
|---|---|
| PATRICIA CORBOSIERO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 8, 2025 |

*Howard Scott Gold, Gold Law Firm, LLC,* Wellesley Hills, MA, for Petitioner.

*Felicia Langel, U.S. Department of Justice,* Washington, DC, for Respondent.

### ORDER DENYING MOTION FOR RECONSIDERATION[1]

On January 12, 2021, Patricia Corbosiero filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a Table injury, due to an influenza ("flu") vaccine received on October 25, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent thereafter filed his Rule 4(c) Report asserting that compensation should be denied for failure to establish that the onset of Petitioner's pain occurred within

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the time set forth in the Table, and failure to meet the statutory severity requirement applicable to all Program claims (ECF No. 28). I then issued an order directing Petitioner to show cause why the case should not be dismissed due to the deficiencies Respondent identified (ECF No. 29). Petitioner filed additional evidence and a response to the show cause order (ECF Nos. 30, 31).

On December 16, 2024, I dismissed the Petition. Decision Dismissing Petition, issued Dec. 16, 2024 (ECF No. 32) ("Decision"). I found that Petitioner had not demonstrated that her shoulder pain began within 48 hours of vaccination, or within any timeframe from which vaccine causation could plausibly be found. Decision at *8. I also noted that she did not seek care for her alleged shoulder injury until *eleven months* after vaccination, and although she complained of pain beginning "after" vaccination, the medical records lacked evidence on the specific question of *how long* after. *Id.* This lack of specificity was compounded by the fact that by the time she sought medical care, it had been nearly *a year* since her vaccination. *Id.* And Petitioner's testimonial evidence was not sufficient to fill in the gaps in the documentary evidence. *Id.* at *9.

I also found that there was insufficient evidence to demonstrate that Petitioner suffered the residual effects of her injury for more than six months. The record lacked evidence that Petitioner was likely experiencing residual effects through the end of April 2019, the relevant timeframe when measuring from the October 2018 vaccination. Decision at *9. And I declined Petitioner's request for a hearing, noting that even if I were to find her fully credible, the totality of the record evidence did not support entitlement. *Id.* at 10. I added in passing that her efforts to explain away the lack of contemporaneous evidence could themselves be a reason to cast doubt on her credibility – although I did *not* make any findings as to her credibility. *Id.*

Petitioner now seeks reconsideration and clarification on two issues. Petitioner's Emergency Motion for Reconsideration and Clarification, filed Jan. 6, 2025 (ECF No. 33) ("Mot."). First, she requests clarification in the standard applied in assessing witness credibility. Mot. at *2. She emphasizes my parenthetical statement about the dearth of contemporaneous proof being reason to doubt her credibility, and argues that I "appear to diminish the Petitioner's credibility without having heard her testimony and without knowing the substance of the testimony." *Id.* at *2-3. She suggests that I am questioning her credibility based merely on her requesting a fact hearing and attempting to enhance the record, and asserts that "there are many credible reasons for why she did not seek medical care earlier, and none should draw a negative inference." *Id.* at *3.

Second, Petitioner seeks reconsideration of my ruling on the severity requirement. Mot. at *3-4. Her argument on this matter is not well developed, but her position appears to be that she established symptoms eleven months after vaccination, and because this is longer than six months, she has met the statutory severity requirement. She asserts that "it is undisputed by the medical records and from her written affidavits that her

2

symptoms lasted more than six (6) months, post-vaccine" (*Id.* at *4), despite my finding to the contrary.

## ANALYSIS

Vaccine Rule 10(e) provides that either party may seek reconsideration of a special master's decision within twenty-one days after the decision's issuance. Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3).

As it has been noted, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," save for the conclusion that (consistent with Rule 10) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined as "clearly apparent or obvious" unfairness. *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3–5 (citations omitted).

I have previously granted reconsideration when the movant provided new, relevant evidence that would have borne on my initial decision had it been previously available. *See, e.g.*, *Rodriguez-Luna v. Sec'y of Health & Human Servs.*, No. 15-496V, 2018 WL 774256, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2018) (granting motion for reconsideration of final attorney's fees and costs decision when petitioner submitted previously-unfiled billing records). By contrast, I have denied reconsideration requests where the movant simply disagrees with my initial decision (including how I weighed the evidence), and otherwise offers no truly "new" evidence. *See, e.g.*, *Shankar v. Sec'y of Health & Human Servs.*, No. 19-1382V, 2023 WL 2343947 (Fed. Cl. Spec. Mstr. June 1, 2022); *Wagner v. Sec'y of Health & Human Servs.*, No. 17-1388V, 2019 WL 2866786 (Fed. Cl. Spec. Mstr. June 4, 2019); *D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-085V, 2016 WL 8136296 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *mot. for review denied*, 132 Fed. Cl. 421 (2017), *aff'd*, 726 F. App'x 809 (Fed. Cir. 2018); *Kerrigan v. Sec'y of Health & Human Servs.*, No. 16-270V, 2016 WL 7575240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016).

Petitioner has not established grounds for reconsideration. She has not offered any new evidence or law that would have been relevant to the Decision had it been available at the time. She merely disagrees with my reasoning. I will not grant a motion for reconsideration simply because a movant disagrees with my decision, which is what essentially Ms. Corbosiero asks me to do. Her desire for a different outcome, while

understandable, is not a basis for reconsideration. *See Chuisano v. Sec'y of Health & Human Servs.*, No. 07-455V, 2013 WL 6234660, at *20 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that "[o]rdinarily, a motion for reconsideration should not be used to gain a second opportunity to argue what has already been decided") (citing *Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 9 (2012), *aff'd*, No. 2013-5048, 2013 WL 5450651 (Fed. Cir. June 18, 2013)).

Petitioner's request for clarification on the standard for assessing witness credibility is also not a basis for reconsideration – and my earlier Decision does not require clarification in any event, because I did not assess witness credibility. Instead, I stated that *even if I had found Petitioner fully credible*, she had *still* not offered sufficient evidence for me to rule in her favor, based on consideration of the totality of evidence. *See* Decision at *10 ("Even if I were to find Petitioner to be fully credible, the evidence she has offered would be insufficient for me to find that she has preponderantly established entitlement to compensation"). That determination did not arise from or rely upon negative inferences drawn against her (and at worst I only suggested in passing that her attempts to justify a finding in her favor, given the paucity of evidence, *could* cast doubt on her credibility). The evidence did not support the claim, at the end of the day.

Concerning the second issue, because Petitioner's show cause response did not raise any arguments as to severity, Petitioner likely waived this issue. Otherwise, Petitioner's argument for reconsideration on this subject simply disagrees with my reasoning. And Petitioner's premise - that the existence of shoulder symptoms eleven months after vaccination also proves that those symptoms existed five months earlier *and* are related to vaccination – is not one that must be accepted in every case. Here, the record does not support it.

Ultimately, Petitioner merely disagrees with my dismissal decision, and has not offered new evidence or a compelling argument demonstrating that the interests of justice would best be served by reconsideration of my December 16, 2024 dismissal decision. Therefore, I hereby **DENY** the motion for reconsideration.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master